IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROSEL C. HURLEY, III, | ) | CASE NO. 1:23-CV-01982-DCN |
| Plaintiff, | ) | |
| | ) | U.S. DISTRICT JUDGE |
| | ) | DONALD C. NUGENT |
| v. | ) | |
| | ) | U.S. MAGISTRATE JUDGE |
| INTERNAL REVENUE SERVICE, | ) | JENNIFER DOWDELL ARMSTRONG |
| Defendant, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION

*Pro se* Plaintiff Rosel C. Hurley, III ("Plaintiff") filed a claim for damages on October 11, 2023, against Defendant Internal Revenue Service ("Defendant").[1] (ECF No. 1.) Defendant moved to dismiss the Complaint. (ECF No. 9.) Defendant's Motion to Dismiss was referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 7.) For the following reasons, I RECOMMEND that the Court GRANT IN PART and DENY IN PART Defendant's Motion to Dismiss and DISMISS WITHOUT PREJUDICE Plaintiff's Complaint.

## II.   PROCEDURAL HISTORY AND RELEVANT FACTUAL BACKGROUND[2]

Plaintiff filed his Complaint on October 11, 2023, alleging that Defendant violated 26 C.F.R. § 301.7432-1 when Defendant refused to release an unspecified tax lien whose amount had been discharged by the statute of limitations. (ECF No. 1, PageID#3-4.) Specifically, Plaintiff

---

[1] Plaintiff has improperly named the Internal Revenue Service as the defendant in this case. The United States of America, not the Internal Revenue Service, is the proper party defendant. *See* 26 U.S.C. § 7432 (stating that a "taxpayer may bring a civil action for damages against *the United States*") (emphasis added). If this action were to proceed, the IRS should be dismissed and the United States should be substituted as the proper defendant.

[2] The facts in this Report and Recommendation are taken from Plaintiff's Complaint (ECF No. 1) and are presumed to be true for purposes of resolving Defendant's Motion to Dismiss (ECF No. 9.) *See Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022); *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

alleges that Defendant's actions caused him to lose a house that he was attempting to purchase, which would have resulted in a $250,000 net gain in equity. (*Id.* at PageID#4.) Plaintiff thus requests damages in the amount of $250,000 and costs associated with this action. (*Id.*)

On January 2, 2024, Defendant moved to dismiss this Complaint under: (1) Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the Complaint is barred by sovereign immunity; and (2) Fed. R. Civ. P. 12(b)(6) for failure to state sufficient facts upon which relief can be granted. (ECF No. 9.)[3] Plaintiff filed a response to Defendant's motion to dismiss on January 23, 2024. (ECF No. 11.) Defendant filed a reply in support of its motion on February 6, 2024. For the foregoing reasons, I recommend that the Court deny Defendant's motion to dismiss for lack of jurisdiction but grant Defendant's motion to dismiss for failure to state a claim.

> **A. Defendant does not establish that Plaintiff's failure to allege exhaustion of administrative remedies is a proper basis to dismiss for lack of subject matter jurisdiction.**

Defendant moves to dismiss the Complaint under Rule 12(b)(1) because Plaintiff failed to properly assert that he met the statutory requisites to waive sovereign immunity and bring his legal action. (ECF No. 9, PageID#31-32.) A fundamental question presented by every action in federal court is whether the court has jurisdiction to hear that case. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). That is because "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article II of the Constitution and the statutes enacted by Congress pursuant thereto." *Id.* When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff bears the burden of proving the court has subject matter

---

[3] The IRS moved to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process but withdrew this argument in its reply because Mr. Hurley effected proper service after the IRS filed its motion to dismiss. (ECF No. 13, PageID#56.) Accordingly, this Report and Recommendation will not address this argument.

jurisdiction over his claims. *See, e.g.*, *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

Here, Defendant asserts that Plaintiff fails to waive sovereign immunity because he has not alleged in his Complaint that he exhausted any administrative remedies. (ECF No. 9, PageID#31-32.) But the Sixth Circuit in *Hoogerheide v. I.R.S.*, 637 F.3d 634 (6th Cir. 2011), "rejected the argument that the failure to exhaust administrative remedies is a jurisdictional defect." *Hunter v. United States*, No. 3:12-CV-144, 2012 WL 6002821, at *4 (W.D. Ky. Nov. 30, 2012) (citing *Hoogerheide*, 637 F.3d at 636-39). Specifically, the Sixth Circuit in *Hoogerheide* recognized that an exhaustion requirement is typically an affirmative defense, rather than a jurisdictional defect. *Hoogerheide*, 637 F.3d at 638 (citing *Jones v. Bock*, 549 U.S. 199 (2007). Thus, whether Plaintiff failed to allege he exhausted any administrative remedies "is irrelevant to a subject matter jurisdiction analysis." *Sawyers v. United States*, No. 3:15-CV-00873-GNS-DW, 2016 WL 7223430, at *3 (W.D. Ky. Dec. 13, 2016) (rejecting defendant's argument that plaintiff failed to waive sovereign immunity due to not showing he exhausted his administrative remedies because "the Sixth Circuit has ruled the exhaustion requirement is not jurisdictional").

The Sixth Circuit in *Hoogerheide,* however, observed "that the district court should not have dismissed this case for lack of jurisdiction does not end the matter." 637 F.3d at 639. That is because in that case "the relevant letters, all attached to [plaintiff's] complaint and incorporated by it, show that he failed to comply with the exhaustion requirements." *Id.* Thus, a court can only grant a motion to dismiss for failure to comply with the exhaustion requirement if it is clear from the complaint that the plaintiff did not exhaust administrative remedies. *Hunter*, 2012 WL 6002821, at *5. Here, it is not apparent from the face of Plaintiff's Complaint whether he did or

3

did not exhaust his administrative remedies.[4] Thus, Defendant "cannot use the affirmative defense of failure to comply with the exhaustion requirement as a basis for dismissal at this juncture." *Sawyers*, 2016 WL 7223430, at *3; *Hunter*, 2012 WL 6002821, at *4 (denying 12(b)(1) motion for failure to exhaust because court could not "confidently state that it [was] clear in th[e] case that the plaintiffs did not comply with the IRS regulations in a manner sufficient to have administratively exhausted their claims"). Accordingly, I recommend that the Court deny Defendant's 12(b)(1) motion.

### B. Plaintiff fails to state facts to support more than a conclusion of liability.

Defendant also moves to dismiss this case without prejudice under Fed. R. Civ. P. 12(b)(6) because—while Plaintiff alleges that the IRS "refused to release a tax lien that the amount has been discharged by statute of limitations" (ECF No. 1, PageID#4)—he failed to describe the particular lien at issue in this lawsuit. (ECF No. 9, PageID#32-33.) Defendant further contends that Plaintiff failed to describe the underlying tax liabilities that he alleges Defendant may no longer collect because of the statute of limitations, or facts that, if true, would support his claim that the statute of limitations has run. (*Id.*) Defendant's arguments are well-taken.

When deciding a motion to dismiss under Rule 12(b)(6), a court tests a claim's legal sufficiency. A complaint need not contain "detailed factual allegations," but it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6),

---

[4] This Court agrees with Defendant, however, that Plaintiff's mere pointing to events in Tax Court is not the form an administrative claim must take in order for one to exhaust his administrative remedies under the relevant statute. *See* 26 C.F.R. § 301.7432-1 (a) (stating that action for damages filed in federal district court may not be maintained unless the taxpayer "has filed an administrative claim pursuant to paragraph (f) of this section and has waited the period required under paragraph (e) of this section"), 26 C.F.R. § 301.7432-1(e) (describing waiting period required), 26 C.F.R. § 301.7432-1(f) (describing the form the administrative claim must take and not including events in Tax Court).

a complaint must present enough facts "to state a claim to relief that is plausible on its face" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). Pro se pleadings generally are liberally construed and held to less stringent standards than pleadings drafter by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But even a pro se complaint must set forth allegations "sufficient to state a claim to relief that is plausible on its face" to avoid dismissal. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard for determining a motion to dismiss under Rule 12(b)(6) applies to pro se complaints).

Here, Plaintiff's Complaint alleges that Defendant "has refused to release a tax lien [whose] amount has been discharged by [the] statute of limitations." (ECF No. 1, PageID#4.) In his opposition brief, Plaintiff attempts to direct this Court's attention to the tax year liability for 2007. (ECF No. 11, PageID#42.) But as Defendant correctly asserts, Plaintiff cannot advance new arguments in his opposition brief to rectify factual deficiencies in his Complaint. *See, e.g.*, *Ryan v. Blackwell*, No. 5-19-188, 2019 WL 6119212, at *5 (E.D. Ky. Nov. 18, 2019), *aff'd*, 979 F.3d 519 (6th Cir. 2020) (stating that a plaintiff "cannot use his response to fortify the otherwise deficient factual content of his complaint against the motion to dismiss"); *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (affirming district court's order granting motion to dismiss and holding that Plaintiff cannot "amend [his] complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in [his] complaint."); *Boardman Ohio Parents Org. v. Boardman Loc. Sch.*, No. 4:21-CV-02184, 2022 WL 3681791 (N.D. Ohio Aug. 25, 2022), at *3 n.3 (declining to consider plaintiff's new allegations in opposition brief because plaintiff did not amend his complaint to include those allegations).

Plaintiff's Complaint does not include any reference to tax year liability for 2007. Thus, this Report and Recommendation will only consider the viability of Plaintiff's claim without reference to evidence or allegations that are not included in Plaintiff's Complaint. *Waskul*, 979 F.3d at 440 (considering the "viability of Plaintiffs' claims without reference to evidence not included in Plaintiffs' complaint" where plaintiff did not seek an amendment of the complaint to include evidence from the opposition brief); *see Marinac v. Todd*, No. 1:20-cv-1571, 2022 WL 3904049, at *11 (N.D. Ohio Aug. 30, 2022) ("If plaintiff's…claim is to survive, it must survive based on what was actually alleged in the complaint.").

I agree that Plaintiff's Complaint fails to state sufficient facts to support his claim. Specifically, as stated above, Plaintiff's Complaint merely states that Defendant "refused to release a tax lien that the amount has been discharged by the statute of limitations." (ECF No. 1, PageID#4.) Plaintiff's Complaint also fails to identify the particular lien or liens at issue and to describe the underlying tax liabilities that Plaintiff alleged Defendant can no longer collect because of the statute of limitations. (*Id.*) Moreover, the Complaint fails to state facts that, if true, would support Plaintiff's claim that the statute of limitations has indeed run. (*Id.*) Significantly, courts "need not accept as true a legal conclusion couched as a factual allegation." *See Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012).

Although a complaint must provide only "a short and plain statement of the claim showing that the [plaintiff] is entirely to relief," Fed. R. Civ. P. 8(a)(2), it must offer more than just labels, conclusions, and recitation of elements. *Peffer v. Thompson*, 754 F. App'x 316, 319 (6th Cir. 2018); *see United Food & Com. Workers Union-Emp. Pension Fund v. Rubber Assocs., Inc.*, 812 F.3d 521, 524 (6th Cir. 2016) (stating that a complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory"

(quotations omitted)). Plaintiff here fails to meet that burden. Accordingly, I recommend that the Court grant Defendant's motion to dismiss under Rule 12(b)(6).

## III. RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the Court DENY IN PART and GRANT IN PART Defendant's Motion to Dismiss and DISMISS WITHOUT PREJUDICE Plaintiff's Complaint.

Dated: July 23, 2024

/s/ *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## IV. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.** Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).