IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROSEL C. HURLEY, III, | ) | CASE NO. 1:23 CV 1982 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| INTERNAL REVENUE SERVICE, | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P 12(b)(6) filed by Defendant, Internal Revenue Service. (ECF #9) Plaintiff, proceeding *pro se*, filed his Complaint on October 11, 2023, alleging that the Defendant violated 26 C.F.R. §301.7432-1 when the Defendant refused to release an unspecified tax lien whose amount had been discharged by the statute of limitations. (ECF #1).

This case was previously referred to Magistrate Judge Jennifer Dowdell Armstrong for pretrial supervision. (ECF #7.) On July 23, 2024, Magistrate Judge Armstrong issued a Report and Recommendation on Defendant's Motion to Dismiss. (ECF #15) Magistrate Judge Armstrong recommends that the Court deny Defendant's Motion to Dismiss for lack of subject jurisdiction and grant Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) finding that the Plaintiff has

failed to state a claim upon which relief can be granted. Specifically, Magistrate Judge Armstrong found that Plaintiff's Complaint failed to state a claim because he failed to describe the particular lien at issue or describe the underlying tax liabilities that he alleges that Defendant may no longer collect because of the statute of limitations. While Plaintiff attempted to provide some of the missing factual allegations in his opposition to the motion to dismiss, Magistrate Judge Armstrong found that a Plaintiff cannot fortify his complaint or attempt to amend a deficient complaint in his opposition to a motion to dismiss. *See Ryan v. Blackwell*, No. 5-19-188, 2019 WL 6119212, at *5 (E.D. Ky, Nov. 18, 2019), *aff'd*, 979 F.3d 519 (6th Cir. 2020); *Bates v. Green Farms Condo, Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); *Boardman Ohio Parents Org. v. Boardman Loc. Sch.*, No. 4:21-CV-02184, 2022 WL 3681719 (N.D. Ohio Aug.25, 2022).

On August 5, 2024, Plaintiff filed an Objection to the Report and Recommendation. (ECF #16.) On August 16, 2024, Defendant filed a Response Brief. (ECF #17.)

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, analyzing Plaintiff's Objection to the Report and Recommendation and Defendant's Response

-2-

thereto. Magistrate Judge Armstrong thoroughly and exhaustively reviewed the Motion and responsive briefing, in conjunction with the applicable statutory and case law. Magistrate Judge Armstrong properly concluded that (1) Defendant failed to establish that Plaintiff's failure to allege exhaustion of administrative remedies is a proper basis to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and (2) Plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Further, Plaintiff's objection to the Report and Recommendation did not raise any argument not already addressed by Magistrate Judge Armstrong.

Accordingly, the Report and Recommendation issued by Magistrate Judge Armstrong (ECF #15) is hereby ADOPTED in its entirety.

Defendant's Motion to Dismiss (ECF #9) is granted in part and denied in part as follows: Defendant's Motion to Dismiss for Failure to State a Claim is GRANTED and its Motion to Dismiss for Lack of Jurisdiction is DENIED. Plaintiff's Complaint is dismissed without prejudice.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 23, 2024